The opinion of the court was delivered by
Tilghman, C. J.
The evidence on both sides having been given, the counsel for the defendant, requested the president of the court, *28 “ to deliver his opinion on some points, with his answers therefor, in writing, and file the same of record in the cause,” according to the provision of the act of the 24th of February, 1806, sect. 25.
I will take notice first, of the fourth point, because it is the most material. The question proposed to the court was this: “If the plaintiff sent more goods, in virtue of his understanding with Hammer, did not the property vest as fully in Hammer, on the delivery to Morberger, the defendant, as if the goods had been ordered by Hammer.” The president answered, “ It did not.” The question was not so clear as it might have been, yet I think it might have been understood. Its meaning appears to be this: If, in consequence of the correspondence and course of dealing between the plaintiff and Hammer, the plaintiff was authorized to send goods to Hammer without special order, and did accordingly send goods not specially ordered, to be carried by the defendant to Hammer, did not the property vest in Hammer, immediately on the delivery of the goods to the defendant. On this state of the case, the property would certainly be vested in Hammer, on the delivery to the carrier, for it made no difference, whether the goods were sent under a genei’al authority, or by special oi’der. The jury should have been instructed, that they wei-e to decide whether the plaintiff had shown any authority, general, or special, to send the goods. If he had, the property vested in Hammer on delivery to the defendant. But if not, the property did not vest. The extreme shortness of the president’s answer might have left the jury under some uncertainty how they were to act. But, as the question, in the manner it was put, supposed that the plaintiff was authorized to send the goods, I am of opinion that the answer of the judge was erroneous.
In the answer to the first, second, and third questions, I perceive no error. But the counsel for the plaintiff in error, has also assigned for ei'ror, “ that the president of the Court of Common Pleas, although requested, did not give his reasons for his opinion on any of the points proposed to him.” As the same complaint has been made in several other causes which have been argued this term, it is necessary that the opinion of this court should be given on it. The direction of the act of assembly is plain, and positive, that, “ if either party, by himself or counsel shall require it, it shall be the duty of the judge who delivers the opinion of the court, to induce the opinion so given, with his reasons therefor, to writing, and file the same of recoi'd in the cause.” In executing this law, every judge acts on his own responsibility. But what we have to consider, is, whether1, if the act be disobeyed, it is error, for which tlie judgment should be reversed. And I am clearly of opinion that it is not ei’ror; because the act does not say that it shall be so, and it would be most unjust to visit the offence of the judge (supposing that he had been guilty of an offence) on an innocent suitor, who had obtained an honest and legal judgment. *29 What this court has to inquire, is, whether there be error, in law, in the record. And if there is not, the judgment is to be affirmed. I am of opinion that -there is error in the court’s answer to the fourth point proposed by the counsel for the defendant, and in no other part of the record. This judgment is therefore to be reversed, and a venire de novo awarded.
On motion of counsel for plaintiff in error, restitution awarded.